UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIC FLORES, | Civil No. 12-2774 (PJS/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES ATTORNEY GENERAL, and PUBLIC HEALTH SERVICE NAMED SIERRA MEDICAL CENTER, | |
| Defendants. | |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An IFP application will be denied, and the action will be dismissed, if the applicant has filed a complaint that is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Federal courts cannot summarily dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's complaint are merely "unlikely." Denton, 504 U.S. at 33. However, an IFP action can

properly be dismissed, sua sponte, if the allegations in the complaint are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In this case, Plaintiff has filed a 98-page self-styled pleading entitled "Federal Tort Complaint Against Torture." It is readily apparent that Plaintiff's complaint in this case "rise[s] to the level of the irrational or the wholly incredible." Plaintiff repeatedly alleges that:

> "[A]gents, officer[s], employees, or agencies [of the United States] are using advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing [sic] a genetic code to cause the petitioner and his immediate relatives severe physical and mental pain for long durations exceeding calendar years which was equivalent in intensity to organ failure, impairment of body functions, and death."

(Complaint, [Docket No. 1], p. 10.)

Plaintiff's entire complaint consists of similar vague and bizarre assertions. Without doubt, the complaint is "frivolous," as that term has been defined by the Supreme Court.[1] Therefore, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(i).

## RECOMMENDATION

---

[1] Plaintiff has filed many other complaints in various federal courts across the country, which apparently have been just as chimerical as the one filed here. Most of those other cases have been summarily dismissed as frivolous. See e.g. Flores v. U.S. Atty. Gen., 442 Fed.Appx. 383, 385 (10th Cir. 2011) (unpublished opinion); Flores v. U.S. Atty. Gen., 434 Fed.Appx. 387, 388 (5th Cir. 2011) (unpublished opinion); Flores v. U.S., 378 Fed.Appx. 473 (5th Cir. 2010) (unpublished opinion); Flores v. El Paso Police Dept., No. EP-11-CV-307-PRM (W.D.Tex. 2011), 2011 WL 3666711 at *1 ("[t]he court is keenly aware of the lengthy history of vexatious filings by Flores in the El Paso Division, and elsewhere") (citing seventeen other cases that were dismissed as frivolous).

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated: November 1, 2012

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 15, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.